COURT OF APPEALS
DECISION
DATED AND FILED

January 28, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2566**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV1085

IN COURT OF APPEALS
DISTRICT II

ERIC DUNST,

 PETITIONER-APPELLANT,

 V.

PUBLIC SERVICE COMMISSION OF WISCONSIN,

 RESPONDENT-RESPONDENT,

CITY OF WAUKESHA WATER UTILITY,

 INTERESTED PERSON.

APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed.*

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Eric Dunst appeals a circuit court order affirming the Public Service Commission of Wisconsin's ("Commission") denial of Dunst's request for a formal review of his customer complaint against Waukesha Water Utility ("WWU").  On appeal, Dunst argues the Commission's denial of his request for formal review was arbitrary and capricious.  We affirm.

¶2     We begin with necessary procedural context.  WWU is a public utility that is supervised and regulated by the Commission.  *See* WIS. STAT. § 196.02(1) (2023-24).[1]  As a public utility, WWU is required to file a schedule of its rates with the Commission.  *See* WIS. STAT. § 196.19(1).  The rates must be "reasonable and just."  WIS. STAT. § 196.03(1).  Once a schedule is approved by the Commission, a public utility must charge according to its schedule, WIS. STAT. § 196.22, and it must obtain the Commission's approval for any change in its schedule, WIS. STAT. § 196.20(1).

¶3     As a water utility, WWU is also required to provide water for public fire protection.  There are costs associated with the "production, storage, transmission, sale and delivery or furnishing of water for public fire protection purposes."  WIS. STAT. § 196.03(3)(b).  A municipality may agree to directly pay the water utility for the costs associated with public fire protection.  *Id*.  If, however, the municipality does not agree to pay the costs, § 196.03(3)(b)1.-2.a.-b. provides, in part:

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

1. A public utility shall include the charges in the water utility bill of each customer of the public utility in the city, village or town.

2. A municipal utility may, in addition to including the charges in water utility bills under subd. 1., bill the charges to any person who meets all of the following conditions:

a. The person is not a customer of the municipal utility.

b. The person owns land that is located in the city, village or town and in an area in which the municipal utility has an obligation to provide water for public fire protection. If the person owns 2 or more parcels that are adjacent to each other or divided only by a roadway or brook, creek, river, or stream, the municipality may bill the person for only one parcel.

*Id.*

¶4      In this case, WWU filed a schedule with the Commission that outlined WWU's rates for public fire protection services.  *See* WIS. STAT. § 196.19(1).  WWU advised the Commission that the City of Waukesha "has chosen to have the utility bill the retail general service customers for fire protection service."  WWU stated that "[c]ustomers who are provided [water] service … shall also be subject to the charges in this schedule according to the size of their primary meter."  WWU included a rate schedule that outlined the monthly public fire protection service fee for twelve different primary meter sizes.  WWU also advised the Commission:

> Under WIS. STAT. § 196.03(3)(b), the City of Waukesha has elected to make the charges in this schedule applicable to non-general service customers who own property that is located both within the municipal limits and in an area where the utility has an obligation to provide water for public fire protection.  Each parcel shall be billed at the 5/8-inch meter rate under this schedule.

¶5     The schedule, also known as WWU's water tariff, became effective on October 1, 2023.

¶6     With that background, we turn to the underlying dispute. Dunst owns three parcels in the City of Waukesha. One parcel is developed with a primary meter, and the other two parcels are vacant. WWU charged Dunst a public fire protection service fee on each of the parcels according to its tariff. Dunst objected to the fee charged on his two vacant parcels, and filed an informal complaint with the Commission. Dunst argued that pursuant to WIS. STAT. § 196.03(3)(b), only non-customers could be charged a public fire protection service fee for vacant parcels, and he reasoned that because he was a customer of WWU by virtue of his third, developed parcel, he could not be charged a public fire protection service fee for the two vacant parcels.

¶7     Commission staff investigated Dunst's complaint and issued an informal decision that advised Dunst he had been appropriately charged a public fire protection service fee on each of his three parcels in accordance with WWU's water tariff. Dunst then filed a request for formal review, pursuant to WIS. ADMIN. CODE § PSC 185.39(3)(a) (Nov. 2024).[2]

¶8     In accordance with the Commission's procedure regarding requests for formal review, Commission staff filed "a memorandum based on the information it has received from the utility and the customer." WIS. ADMIN. CODE § PSC 185.39(3)(b). The memorandum stated in relevant part:

> Under WIS. STAT. § 196.03(3)(b)1., "a public utility
> shall include the charges in the water utility bill of each

---

[2] All references to the Administrative Code are to the November 2024 Register.

customer of the public utility in the city, village or town." Mr. Dunst is a customer of Waukesha receiving service at [his developed parcel]. Commission staff have historically determined parcels that receive water service to be general service customers billed the public fire protection charge based on the size of the customer's primary meter and that parcels without a primary water meter are non-general service customers that are billed at the rate set for a 5/8-inch meter. Mr. Dunst would be considered a non-general service customer of Waukesha at [his vacant parcels], and both parcels are within an area in which Waukesha is required to provide fire protection. Therefore, Commission staff's conclusion was that the criteria in the tariff are met and each vacant parcel is subject to the public fire protection charge.

¶9 WWU and Dunst both filed responses to the memorandum. *See* WIS. ADMIN. CODE § PSC 185.39(3)(b). WWU argued it appropriately billed Dunst in accordance with the terms of its water tariff that was on file with the Commission. Dunst asserted:

> [B]ecause all three parcels are owned by the same person and that person is already a customer of the municipal utility. [WISCONSIN STAT. §] 196.03(3)(b)(2) clearly states that a person may not be charged under this subsection if that person is already a customer of the municipal utility.

¶10 On May 9, 2024, at its open meeting, the Commission reviewed Dunst's request for a formal review of his complaint against WWU, and it ultimately denied Dunst's request. In a written decision, the Commission rejected Dunst's assertion that he should be subject to only one public fire protection service fee based on WIS. STAT. § 196.03(3)(b). The Commission explained:

> Under WIS. STAT. § 196.03(3)(b)1., "a public utility shall include the charges in the water utility bill of each customer of the public utility in the city, village or town." Mr. Dunst is a water utility customer because he receives water service at [his developed parcel]. His [vacant] parcels … do not receive water service. Parcels that receive water service are identified as general service customers and are billed the [public fire protection] charge based on the size of the customer's primary meter.

5

> Waukesha's tariff, Schedule F-1, establishes that parcels without a primary water meter or non-general service customers should be billed at the rate set for a 5/8-inch meter. Mr. Dunst's parcels that do not receive water service are billed at the 5/8-inch meter [public fire protection] rate.
>
> When a utility has indicated that it wishes to elect to bill parcels which do not receive service from the municipal utility under WIS. STAT. § 196.03(3)(b)2.a., and selects the standard non-general service language option for its tariff, as Waukesha has done, the [public fire protection] rates are established by dividing the cost of service among the total number of parcels to which the utility is required to provide fire protection service. There is no consideration given to whether or not the owner of each parcel receives water service on that parcel or on another parcel within the utility's service territory.

¶11 The Commission further stated that WWU was statutorily prohibited from waiving the public fire protection service fees on the two vacant parcels. It explained:

> the language of Waukesha's [public fire protection] tariff states that it must bill a [public fire protection] charge to every parcel that does not receive utility service but is located within the area in which the utility is required to provide fire protection. The charge assessed against Mr. Dunst's parcels is not only in compliance with that language, but it is required to be billed under Wisconsin law.

¶12 The Commission determined WWU "has billed Mr. Dunst properly in accordance with its approved tariff[.]"

¶13 Dunst petitioned for judicial review. Following a hearing, the circuit court denied his petition. Dunst appeals.

¶14 On appeal, we review the Commission's decision, not the decision of the circuit court. *Lamar Cent. Outdoor, LLC v. Division of Hearings & Appeals*, 2019 WI 109, ¶9, 389 Wis. 2d 486, 936 N.W.2d 573. A Commission's

determination on whether to grant a request for formal review and formally investigate an individual's complaint is discretionary. WIS. STAT. § 196.02(7). We review an agency's discretionary decision under WIS. STAT. § 227.57(8). We may not substitute our judgment for that of the Commission on an issue of discretion, *id.*; rather, we review the Commission's decision to determine whether it is arbitrary or capricious, *Wisconsin Prof. Police Ass'n v. Pub. Serv. Comm'n of Wis.*, 205 Wis. 2d 60, 74, 555 N.W.2d 179 (Ct. App 1996). "Arbitrary or capricious conduct lacks a rational basis and is the result of an unconsidered, willful or irrational choice rather than a 'sifting or winnowing' process." *Id.* (citation omitted).

¶15 Here, the Commission's final decision demonstrates its determination to deny Dunst's request for formal review was not arbitrary and capricious. *See id.* WWU's water tariff provides that it will charge a public fire protection service fee on a per parcel basis. The Record reflects that Dunst was charged the public fire protection service fees on a per parcel basis in accordance with WWU's adopted tariff. We disagree with Dunst's assertion that WIS. STAT. § 196.03(3)(b) prohibits WWU from charging public fire protection service fees on Dunst's vacant parcels because he is a customer of WWU in regard to his third, developed parcel. As explained by the Commission, § 196.03(3)(b)1. allowed WWU to include in its tariff a public fire protection service fee for parcels with a primary water meter, and § 196.03(3)(b)2. allowed WWU to include in its tariff a public fire protection service fee for parcels without a primary water meter but were located in WWU's service area. After the tariff was adopted by the Commission, WWU was statutorily required to bill at the rates depicted in the tariff. All of the charges were included on a water utility bill that was sent to Dunst. We conclude the Commission's decision was not in violation of any

7

constitutional or statutory provision, had a rational basis, and was not arbitrary or capricious. *See* WIS. STAT. § 227.57(8).

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.